## LAWSON v. BAILEY et al.

(Court of Appeals of District of Columbia. Submitted February 10, 1921. Decided March 7, 1921.)

### No. 3443.

1. **Mortgages ⊂⊐369 (3) —Inadequate price held not to authorize setting aside trustee's sale.**

   An owner of premises subject to a trust deed, who was misled by the fraud of her agent into allowing her premises to be sold by the trustee, cannot redeem the property from a purchaser, who was ignorant of the fraud and whose conduct was in all respects equitable, on the ground of inadequacy of price and of her mistake, where the premises were worth $3,700 and the sale price was $2,295.

2. **Mortgages ⊂⊐369 (2) —Equity of purchaser at mortgage sale not defeated by taking deed from fraudulent grantee.**

   The fact that an innocent purchaser at a sale under a trust deed strengthened his title by taking also a deed from an alleged fraudulent grantee of the former owner gives the former owner no equitable right to redeem, where the owner expressly disclaimed any fraud on the part of the purchaser.

Appeal from the Supreme Court of the District of Columbia.

Suit by Bertie L. Lawson against James H. Bailey and others. From a decree of the court dismissing the bill, after plaintiff made a statement of what she could show, defendants appeal. Affirmed.

James A. Cobb, M. N. Richardson, and Charles S. Shreve, all of Washington, D. C., for appellants.

H. I. Quinn, of Washington, D. C., for appellee.

STAFFORD, Acting Associate Justice. [1] The plaintiff made a statement of what she could show, and thereupon the court dismissed her bill. A short statement of her offer is this: As owner of premises subject to a trust deed to secure $2,000, she, being misled by the fraud of her own agent, allowed the premises to be sold by the trustee for nonpayment of interest, and to be conveyed by the trustee to the purchaser. The premises were worth $3,700. The price brought was $2,295. The purchaser was ignorant of the fraud practiced upon her, and his conduct was in all respects equitable. The plaintiff asks to be allowed to redeem, on the ground of inadequacy of price and of her mistake in relying upon the fraudulent representations of her agent. She relies upon Graffam v. Burgess, 117 U. S. 180, 6 Sup. Ct. 686, 29 L. Ed. 839. That case is far stronger for relief than this. The inadequacy was the difference between $181 and $10,000, and the conduct of the purchaser was, to say the least, highly inequitable. On the other hand, this court has held that the difference between $35,000 and $20,100 is not in itself sufficient. Anderson v. White, 2 App. D. C. 408.

It should be noted that this is not a case where the purchaser is seeking specific performance, and a case of mistake or hardship is set up by the seller as a reason why equity should leave the purchaser to

his remedy at law. It is a case where equity is asked to give affirmative relief by setting aside a sale and a deed under it.

[2] The plaintiff urges that the fact that the purchasing defendant has taken a deed from an alleged fraudulent grantee of the plaintiff since the bringing of the suit gives her some additional right, although she expressly disclaims any fraud on the part of the defendant. This we cannot treat as aiding her case. The defendant cannot be punished for strengthening his title or avoiding a possible adverse claim.

The decree was right and is affirmed.

Affirmed.

Mr. Justice STAFFORD, of the supreme court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.